IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHEILA KAY BREWER                                            PLAINTIFF

vs.                             Civil No. 2:11-cv-02043

MICHAEL J. ASTRUE                                    DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Shelia Kay Brewer("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **REVERSED and REMANDED.**

**1. Background:**

Plaintiff filed her application for SSI on May 27, 2008. (Tr. 68).[1] Plaintiff alleged she was disabled due to glaucoma, bone disease and back pain. (Tr. 139). Plaintiff alleged an onset date of May 13, 2006. (Tr. 139). This application was initially denied on July 18, 2008 and was denied again on reconsideration on October 3, 2008. (Tr. 78-81, 90-91).

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

On October 22, 2008, Plaintiff requested an administrative hearing on her application. (Tr. 92). This hearing request was granted, and an administrative hearing was held on January 22, 2009 in Fort Smith, Arkansas. (Tr. 26-62). Plaintiff was present and was represented by counsel, Davis Duty, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dale Thomas testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) and had completed the 7th grade. (Tr. 34-35).

On June 26, 2009, the ALJ entered an unfavorable decision on Plaintiff's application for SSI. (Tr. 68-77). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 27, 2008. (Tr. 70, Finding 1). The ALJ determined Plaintiff had the severe impairments of back disorder and glaucoma. (Tr. 70, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 70, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 70, Finding 4). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. (Tr. 74). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for light work with limitations of: occasionally lift and/or carry twenty pounds; frequently lift and/or carry ten pounds; sit for a total of about six hours in an eight hour workday; stand and/or walk for about six hours in an eight hour work day; and occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. 70,

Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 75, Finding 5). The ALJ found Plaintiff's PRW included work as a chicken vaccinator. *Id.* The ALJ found Plaintiff could not perform this PRW. *Id.*

The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 76, Finding 9). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a bench assembler with approximately 6,300 such jobs in Arkansas and 300,000 such jobs in the nation, laundry worker with approximately 2,500 such jobs in Arkansas and 280,000 such jobs in the nation, and poultry eviscerator with approximately 5,000 such jobs in Arkansas and 44,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from May 27, 2008 through the date of the ALJ's decision or through June 26, 2009. (Tr. 77, Finding 10).

On August 10, 2009, Plaintiff requested that the Appeals Council review the ALJ's decision. (Tr. 14-16). *See* 20 C.F.R. § 404.968. On December 30, 2010, the Appeals Council declined to review the ALJ's decision. (Tr. 6-8). On March 4, 2011, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 9, 10. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

3

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. Specifically, Plaintiff claims the ALJ erred (1) by failing to give the proper weight to Plaintiff's treating physicians and other medical sources, (2) in the finding of severe impairments, (3) in his RFC determination (4) by finding Plaintiff was capable of performing other work existing in significant numbers in the national economy. ECF No. 9, Pages 7-13. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10. Because this Court finds the ALJ failed to give the proper weight to Plaintiff's treating physicians, this Court will only address this issue.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating

physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC for light work with the following limitations: occasionally lift and/or carry twenty pounds; frequently lift and/or carry ten pounds; sit for a total of about six hours in an eight hour workday; stand and/or walk for about six hours in an eight hour work day; and occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. 70, Finding 4).  Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of his treating physicians and other medical sources.  ECF No. 9, Pgs. 8-10.  Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record.  ECF No. 10, Pgs, 10-12.

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a

treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff alleged disability based in part on back pain, osteoporosis, and glaucoma. Dr. Michael Westbrook first began treating Plaintiff in March of 2003. (Tr. 230). On November 21, 2003, Plaintiff was treated by Dr. Westbrook for mild degenerative changes of the cervical spine. (Tr. 226). On August 16, 2007, Plaintiff was seen by Dr. Westbrook with complaints of back pain. (Tr. 201). Dr. Westbrook ordered a scan which showed osteoporosis with an obvious increased risk for fracture. (Tr. 202).

Plaintiff was seen by Dr. Westbrook again on June 17, 2008, with complaints of chronic back pain radiating into her right leg and foot. (Tr. 267). Plaintiff's MRI showed findings of a disc bulge at L5-S1 making contact with the nerve root. (Tr. 268-269). Based on the results of her MRI, Dr. Westbrook prescribed Lortab and referred her to a neurosurgeon. (Tr. 267).

Plaintiff also argues the ALJ failed to properly consider the opinions of Dr. Anh Chung. Dr. Chung first began treating Plaintiff for eye problems in June of 2007. (Tr. 250). Plaintiff was treated by Dr. Chung for over a year for glaucoma. (Tr. 250). Dr. Chung treated Plaintiff with medication which she indicated may need to be changed if Plaintiff's eye pressure increased or if she showed further progression of loss of visual field. (Tr. 250).

Finally, Plaintiff relied on the findings of Dr. David Furr who performed a Physical RFC Evaluation of Plaintiff on January 20, 2009. (Tr. 275-281). Dr. Furr noted Plaintiff needed to be

limited to sedentary work due to her chronic back pain, radiculopathy and weakness on the right side, and osteoporosis. (Tr. 275-279).

The only basis and discussion given by the ALJ for the weight given to various medical sources was as follows:

> The undersigned gives great weight to the State medical experts as their opinions are more consistent with the record as a whole. The undersigned gives some weight to the claimant's treating physicians, Dr. Chung and Dr. Westbrook insofar as their opinions are consistent with the State medical opinion.

(Tr. 75).

The ALJ did not discuss how the medical opinions the treating physicians were unsupported or inconsistent with other substantial evidence in the record. Furthermore, the record does not contain other medical assessments which are supported by better or more thorough medical evidence.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physicians and other medical sources. Because the ALJ did not properly analyze the opinions of Plaintiff's treating physicians, this case should be reversed and remanded for proper review and analysis of the opinions of these physicians. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence. Accordingly, this Court recommends this case be **REVERSED and REMANDED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation**

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

8

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED** this **18th day of October, 2011.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE